# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| L.J. JONES, JR. | CIVIL ACTION NO. 05-1438-M |
| VS. | SECTION P |
| ROBERT TAPPIN, WARDEN, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a pleading submitted on the form used for civil rights (42 U.S.C. §1983) complaints in this District filed by pro se plaintiff L. J. Jones, Jr., on August 5, 2005. Jones is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Morehouse Parish Detention Center in Collinston, Louisiana. He wants credit for time served on Texas felony charges to be credited to his current Louisiana hard labor sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On September 17, 2002, petitioner was convicted of some unspecified felony offense in the Fourth Judicial District Court, Morehouse Parish, Louisiana in the matter docketed as case number 02-34-F of that court. He was sentenced to serve ten years at hard labor with credit for time served. The court also ordered that his Louisiana sentence be concurrent with any other sentence.

Petitioner had previously been convicted of some unspecified offense in Texas; he served some time on that charge and was released on parole prior to the date of the Louisiana conviction and sentence.

**LAW AND ANALYSIS**

Through this action petitioner seeks an earlier release from custody. Thus, to the extent that plaintiff seeks a speedier release from incarceration, he is advised that such relief is not available by way of a civil rights action.[1] See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances

---

[1] There are other reasons which suggest that a civil rights complaint is inappropriate. In *Muhammad v. Close*, 540 U.S. 749, 750-751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004), the Court noted: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for *habeas corpus*, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in *habeas*, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." [emphasis supplied] Thus, to the extent that plaintiff's complaint may properly be construed as a civil rights complaint, it would be subject to dismissal in accordance with *Heck*.

in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under §1983, and the claims can be separated, federal courts should do so, entertaining the §1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

The undersigned therefore concludes that since success in this action would result in plaintiff's speedier release, this pleading should be construed as a petition for writ of *habeas corpus* under either 28 U.S.C. §2241 or §2254.[2]

With regard to *habeas corpus*, federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989).

---

[2] As is shown hereafter, the petitioner does not challenge his convictions; instead, he challenges the computation of his sentences. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v. Andrews*, 357 F.3d 535 (5th Circuit 2004). But see *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.)

Here, petitioner does not seek to undo his convictions, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the defendants that have resulted in his continued incarceration beyond the date upon which he contends he should ultimately be released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner has apparently begun but not completed the exhaustion process. On some unspecified date, he filed a Uniform Petition for Judicial Review in Louisiana's Nineteenth Judicial District Court, East Baton Rouge Parish. In that suit he asked the court "...to order the Department to calculate his current Louisiana sentence as concurrent with a prior Texas

sentence." On May 26, 2005 the Commissioner authored a screening report recommending dismissal of that action due to petitioner's failure to exhaust the LDOC's administrative remedies procedures. [See Doc. 1-3, pp. 3-5; *L. J. Jones, Jr. v. Dept. of Corrections, et al.*, No. 532,193] On June 28, 2005 the District Judge accepted that recommendation and signed a judgment of dismissal. [Doc. 1-3, p. 6]

In the meantime, petitioner had apparently filed an administrative remedies procedure grievance with the Secretary of the LDOC, and on July 12, 2005, the Secretary denied his request for remedy and noted, "The record indicates that you returned to DOC custody as a violator with a new felony concurrent sentence. The new felony conviction controls your release dates, therefore your request for credit for time served in 1992 is denied." [Doc. 1-3, p. 7]

The presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner. It is therefore clear that the present *habeas* claims have not been fully and fairly presented to ALL of the Louisiana courts, and especially the Louisiana Supreme Court, and the claims therefore remain unexhausted.

Therefore

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE